UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | CIVIL ACTION NO. 17-CV-10956 |
| OF REC MARINE LOGISTICS, LLC AS | | |
| OWNER PRO HAC VICE AND | § | |
| OPERATOR OF THE M/V ROMAN ELIE, | | |
| FOR EXONERATION FROM OR | | |
| LIMITATION OF LIABILITY | § | |

**CLAIM AND ANSWER OF DON ALVA EWING AND MARSHALL MCCLOUD TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY OF REC MARINE LOGISTICS, LLC**

NOW INTO COURT, by and through undersigned counsel, come Claimants/Plaintiffs, Don Alva Ewing and Marshall McCloud, who, and under protest and without prejudice to their position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, file their Claim and Answer to the Complaint for Exoneration from or Limitation of Liability filed by REC Marine Logistics, LLC, hereinafter Petitioner and would respectfully show:

### *Claim*

Claimants, Don Alva Ewing and Marshall McCloud incorporate and reallege as if set forth fully herein, their Seaman's Suit, 2:17-cv-06708 Document 1, as their Claim in Limitation.

## *Answer to Complaint for Exoneration*

AND NOW, in Answer to the Complaint for Exoneration from or Limitation of Liability filed by REC Marine Logistics, LLC, hereinafter Petitioner, under protest and without prejudice to their position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, respectfully show:

1.

Claimants admit the allegations in Paragraph 1 of the Complaint.

2.

Claimants admit the allegations in Paragraph 2 of the Complaint.

3.

Claimants admit the allegations in Paragraph 3 of the Complaint.

4.

Claimants do not have sufficient information to admit or deny the factual allegations in Paragraph 4 of the Complaint, and therefore **deny** same.

5.

Claimants admit the allegations in Paragraph 5 of the Complaint.

6.

Claimants admit that the M/V ROMAN ELIE allided with a platform. Claimants do not have sufficient information to admit or deny the remaining factual allegations in Paragraph 6 of the Complaint, and therefore **deny** same.

7.

Claimants admit the allegations in Paragraph 7 of the Complaint.

8.

Claimants **deny** the allegations contained in Paragraph 8 of the Complaint.

9.

Claimants **deny** the allegations contained in Paragraph 9 of the Complaint.

10.

Claimants **deny** the allegations contained in Paragraph 10 of the Complaint.

11.

Claimants **deny** the allegations contained in Paragraph 11 of the Complaint.

12.

Claimants **deny** the allegations contained in Paragraph 12 of the Complaint.

13.

Claimants **deny** the allegations contained in Paragraph 13 of the Complaint.

14.

Claimants admit the allegations contained in Paragraph 14 of the Complaint.

15.

Claimants do not have sufficient information to admit or deny the factual allegations in Paragraph 15 of the Complaint, and therefore **deny** same.

16.

Claimants admit the allegations contained in Paragraph 16 of the Complaint.

17.

Claimants admit the allegations contained in Paragraph 17 of the Complaint.

18.

Claimants admit the allegations contained in Paragraph 18 of the Complaint.

19.

Claimants **deny** that Petitioner is entitled to limitation of liability, but admit that the likely amount of the claims against Petitioner will be in excess of Petitioner's estimate of the value of the vessel plus pending freight.

20.

Claimants **deny** the allegations contained in Paragraph 20, including all subparts.

AND NOW, FURTHER ANSWERING, Claimants raise the following defenses, showing:

21.

The Complaint fails to state a claim upon which relief may be granted.

22.

Petitioner is not entitled to exoneration from and/or limitation of liability.

23.

Claimants' injuries and resultant damages were caused by the negligence and fault of Petitioner. Said knowledge and privity bar exoneration or limitation from liability.

24.

Claimants' injuries and resultant damages were caused by the unseaworthiness of the M/V ROMAN ELIE, which will be shown at the trial of this matter and was known to the Petitioner. Said privity and knowledge bar exoneration from or limitation of liability herein.

25.

Petitioner had privity and knowledge of the boat operator's negligence and fault and the unseaworthiness of the vessel, and thus ineligible to seek exoneration and/or limitation.

26.

The Limitation of Liability Act as applied herein is unconstitutional, depriving Claimants of rights to equal protection and due process of law.

27.

Claimants further allege that Petitioner's Complaint should be denied due to the negligence and fault of Petitioner, the unseaworthiness of the vessel, and the privity and knowledge of Petitioner.

28.

Claimants further allege there was insurance coverage(s) on the vessel insuring Petitioner in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy(ies) should be included in any limitation proceeding, in the event this Court determines that a limitation proceeding is appropriate and proper.

29.

Claimants further allege that Petitioner failed to provide adequate security, both in form and amount, and, for that reason, Petitioner's Complaint should be dismissed and/or limitation denied.

30.

Without waiving the claim that Petitioner is not entitled to exoneration from or limitation of liability, Claimants reserve their right to proceed in the forum of their choice pursuant to the

'savings to suitors' clause of the Judiciary Act of 1789, 46 U.S.C. §30104.

31.

The Complaint should be dismissed for lack of subject matter jurisdiction and for failure to name proper and necessary parties.

WHEREFORE, PREMISES CONSIDERED, Claimants pray that Petitioner's Complaint for Exoneration From or Limitation of Liability be dismissed; alternatively, Claimants pray the Court appoint a commissioner to appraise the vessel, and that Claimants have judgment against Petitioners for the full value of their claims; and for such other and further relief to which Claimants may be justly entitled.

Respectfully submitted:

STRAUSS & KING, APLC

*/s/ Clinton G. Mead*
Berney L. Strauss #12527
Rhett E. King #23811
Clinton G. Mead #35244
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
504-523-0033 (telephone)
504-523-0109 (facsimile)
rhettking@straussandking.com

## CERTIFICATE OF SERVICE / CM-ECF FILING

I hereby certify that on this 8th day of February, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and service was automatically accomplished on all known filing users through the Notice of Electronic filing. Service on any party or counsel not a filing user was accomplished in accordance with the Federal Rules of Civil Procedure.

*/s/ Clinton G. Mead*
Clinton G. Mead