**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF REC MARINE LOGISTICS, LLC AS OWNER PRO HAC VICE AND OPERATOR OF THE M/V ROMAN ELIE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO: 2:17-cv-10956**<br>**2:17-cv-06708**<br><br>**SECTION N: Judge Kurt D. Engelhardt**<br><br>**DIVISION 3: Magistrate Judge Daniel E. Knowles, III** |

**REC MARINE LOGISTICS, LLC'S ANSWER TO CLAIMS IN LIMITATION FILED BY DON ALVA EWING AND MARSHALL MCCLOUD**

**NOW INTO COURT,** through undersigned counsel, comes Petitioner-in-Limitation, REC Marine Logistics, LLC (hereinafter sometimes referred to as "REC Marine" or "Petitioner"), which hereby files this Answer to the Claims filed in this Limitation proceeding by Don Alva Ewing and Marshall McCloud (hereinafter sometimes referred to as "Claimants"), and respectfully avers as follows:

**FIRST DEFENSE**

The Claims of Don Alva Ewing and Marshall McCloud fail to state a claim, right or cause of action against Petitioner upon which relief can be granted.

**SECOND DEFENSE**

The Claims of Don Alva Ewing and Marshall McCloud are barred by the applicable statute of limitations, prescriptive period, the doctrine of laches and/or are otherwise time-barred.

**THIRD DEFENSE**

AND NOW, without waiving any of the foregoing defenses, Petitioner responds to the specific allegations of the Claims (which simply incorporate the Claimants' Seamen's Suit initially filed with this Court in Civil Action No. 2:17-cv-06708, bearing Rec. Doc. 1) as follows:

1.

Paragraph 1 of the Claims state conclusions of law which require no response from Petitioner. To the extent a response is deemed necessary, the allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

It is admitted that REC Marine was named as a defendant in the Claimants' Seamen's Suit. It is further admitted that REC Marine is a limited liability company engaged in the offshore marine transportation business. Petitioner denies that it is liable in any regard to the Claimants.

3A.

It is admitted that Claimant Ewing was employed by REC Marine on or about April 23, 2017. The remainder of the allegations contained in Paragraph 3A of the Claims are denied for lack of sufficient information to justify a belief therein.

3B.

It is admitted that Claimant McCloud was employed by REC Marine on or about April 23, 2017. The remainder of the allegations contained in Paragraph 3B of the Claims are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Claims state conclusions of law which require no response from Petitioner. To the extent a response is deemed necessary, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Claims state conclusions of law which require no response from Petitioner. To the extent a response is deemed necessary, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

It is admitted that REC Marine was the owner *pro hac vice* and operator of the M/V ROMAN ELIE on or about April 23, 2017. The remainder of the allegations contained in Paragraph 6 of the Claims are denied for lack of sufficient information to justify a belief herein.

7.

The allegations contained in Paragraph 7 of the Claims are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Claims are denied.

9.

The allegations contained in Paragraph 9 of the Claims are denied.

10.

The allegations contained in Paragraph 10 of the Claims are denied.

11A.

The allegations contained in Paragraph 11A of the Claims are denied.

11B.

The allegations contained in Paragraph 11B of the Claims are denied.

12.

The allegations contained in Paragraph 12 of the Claims require no response from Petitioner. To the extent a response is deemed necessary, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Claims are denied for lack of sufficient information to justify a belief therein.

**FOURTH DEFENSE**

**AND NOW**, further answering the Claims, REC Marine denies the allegations of any unnumbered or misnumbered paragraphs, as well as any other allegations of the Claims which have not already been addressed.

**FIFTH DEFENSE**

While at all times specifically denying any and all fault, negligence and/or responsibility, REC Marine alleges and avers that any injuries allegedly sustained by the Claimants were solely and proximately caused by the Claimants' own fault, negligence and/or assumption of risk, and recovery is defeated or mitigated.

**SIXTH DEFENSE**

In the alternative, REC Marine avers that the matter made the basis of this lawsuit and any damages allegedly suffered by the Claimants were caused in whole or in part by the fault, acts, negligence or omissions of a third party or parties over whom REC Marine exercised no control or supervision and for whom REC Marine has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that Claimants

are entitled to recover from REC Marine, which is denied, Claimants recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

### SEVENTH DEFENSE

In the further alternative, and only in the event that Claimants establish liability on the part of REC Marine or any other party for whom it would be responsible, which is specifically denied, REC Marine avers that the Claimants were contributorily and comparatively negligent and recovery is defeated or mitigated.

### EIGHTH DEFENSE

Claimants' injuries, if any, resulted from a condition which was open and obvious to Claimants.

### NINTH DEFENSE

REC Marine avers that any damages allegedly sustained by the Claimants were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which REC Marine or any other person, party, or entity for which REC Marine would be responsible, were not responsible.

### TENTH DEFENSE

While denying any liability to Claimants whatsoever, in the alternative, REC Marine avers that the incident made the basis of this lawsuit and the damages allegedly sustained by the claimants were neither caused by nor contributed to by REC Marine, but rather resulted from a fortuitous event as that term is defined by law.

### ELEVENTH DEFENSE

Upon information and belief, Marshall McCloud is deceased and is therefore not a proper party to assert a Claim in this Limitation proceeding. The Claim asserted directly by Marshall

McCloud should be dismissed, or his heirs/estate should be required to substitute themselves as Claimants.

**TWELFTH DEFENSE**

Claimant Ewing's and Claimant McCloud's (prior to his death) medical, physical and/or mental condition(s) are/were not the result of any accident or incidents as described in the Claims, but rather pre-existed or occurred prior to, or subsequent to, the alleged accident described in the Claims.

**THIRTEENTH DEFENSE**

REC Marine avers that Claimant Ewing is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**FOURTEENTH DEFENSE**

REC Marine avers that Claimants have failed to mitigate their damages and recovery is therefore defeated or mitigated.

**FIFTEENTH DEFENSE**

REC Marine avers that the M/V ROMAN ELIE was at all pertinent times seaworthy and fit for the service in which it was engaged.

**SIXTEENTH DEFENSE**

To the extent there were any errors in navigation on the part of the M/V ROMAN ELIE and/or her crew, which is specifically denied, REC Marine avers that such errors were made *in extremis*, thereby absolving REC Marine of any fault for such alleged errors.

**SEVENTEENTH DEFENSE**

REC Marine incorporates its Complaint for Exoneration from or Limitation of Liability as if same were set forth herein in its entirety.

**EIGHTEENTH DEFENSE**

REC Marine reserves the right to amend and/or supplement this Answer as necessary.

**WHEREFORE**, the premises considered, REC Marine Logistics LLC prays that this, its Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in REC Marine's favor and against Claimants, dismissing Claimants' Claims at their cost, and that REC Marine Logistics, LLC be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

*/s/ Kyle A. Khoury*
Salvador J. Pusateri T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
salvador.pusateri@pjgglaw.com
kyle.khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of March, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Kyle A. Khoury*